# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ARTHUR BODENHAMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:08-cv-00846-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT<br><br>(Doc. 9) |

**Screening Order**

**I.  Screening Requirement**

Plaintiff Stephen Arthur Bodenhamer is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 18, 2008, and on February 2, 2009, the Court dismissed the complaint, with leave to amend, for failure to state any claims. Plaintiff filed a first amended complaint on March 2, 2009, which was dismissed for failure to state a claim and with leave to amend on July 17, 2009. Plaintiff filed a second amended complaint on August 19, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.    First Amendment Complaint and Notice of Deficiencies

In his first amended complaint, Plaintiff alleged claims against dental staff at California State Prison-Corcoran for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment of the United States Constitution. The Court notified Plaintiff of the applicable legal standard and the deficiencies in his claims as follows:

> Prisoners are entitled to adequate dental care. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989). However, to rise to the level of cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).
>
> "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

///

> Plaintiff alleges that in October 2005, Dr. Buenafe conducted a complete examination and created a dental plan, but dental staff have subsequently ignored the plan. Plaintiff alleges that he is suffering from pain, unable to masticate properly, and cannot eat many foods. Plaintiff alleges that his partial upper plate is broken and cannot be used to eat with, leading to malnutrition, weight loss, and illness. Plaintiff alleges that for four years, Dr. Buenafe has committed malpractice by ignoring the dental plan, creating fillings that fell out within a week of placement, and failing to address Plaintiff's broken partial plate. Plaintiff alleges that Drs. Liu, Uy, and Howen ducated him numerous times in 2007, but did nothing for him, ignored his pain, and dismissed him by telling him he was refusing treatment.
>
> Failing to provide Plaintiff with dental treatment, and causing him to live in pain and unable to eat properly as a result are not constitutionally permissible. Hunt, 865 F.2d at 200. However, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. Plaintiff's allegations against each dentist are vague and somewhat confusing. Other than a broken partial plate, it is mostly unclear what Plaintiff's dental needs were, what the dental plan that was not followed consisted of, and what could have been or should have been done.
>
> Unfortunately, there are medical conditions for which there is no satisfactory cure, and there are medical conditions that cause chronic pain not subject to alleviation. Plaintiff's complaint must be sufficiently factually specific to allow the Court to find that Plaintiff has stated a plausible claim for relief against each named defendant. Iqbal, 129 S.Ct. at 1949. Facts merely consistent with liability fall short of this standard. Id.
>
> Given Plaintiff's allegations concerning his longstanding pain and inability to eat properly, the Court believes Plaintiff's claims are amenable to amendment and the Court will provide Plaintiff with another opportunity to amend. Plaintiff's allegations need not and should not be lengthy, but Plaintiff must clearly state what his dental problems were and what *each* defendant did or did not do that constituted a knowing disregard of an excessive risk to Plaintiff's health. Farmer, 511 U.S. at 837.
>
> Plaintiff is cautioned that neither his mere disagreement with the course of treatment chosen, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), nor a disagreement between dentists over the course of treatment is sufficient to support a claim for violation of the Eighth Amendment, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Further, negligence and malpractice are not constitutional violations. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

(Doc. 8, Order, 3:8-4:28.)

### III.     Second Amended Complaint

Plaintiff 's second amended complaint is far less factually specific than his first amended complaint. Plaintiff alleges only that Defendant Buenafe developed and initiated a dental treatment plan, and Plaintiff waited patiently but was not ducated by any of the named dental staff. (Doc. 9, § IV.) Plaintiff alleges he had to file requests to be seen, and write far too many appeals. (Id.)

3

1  Plaintiff alleges that on October 4, 2005, he was ducated to see Defendant Davis, per Plaintiff's
2  request. (Id.) Finally, Plaintiff alleges that dental visits are based on need, and he was seen once
3  every four months per protocol, but after three years, his dental work was incomplete, unaddressed,
4  and ignored to the point of emergency between October 4, 2005, through June 15, 2008. (Id.)

5  Plaintiff must allege factual allegations sufficient to state a plausible claim for relief, and the
6  mere possibility of misconduct falls short of meeting this standard. Iqbal,129 S.Ct. at 1949-50; Moss
7  v. U.S. Secret Service, No. 07-36018, 2009 WL 2052985, *5-6 (9th Cir. July 16, 2009). Plaintiff's
8  vague and conclusory allegations do not give rise a viable claims for relief against Defendants
9  Buenafe, Coombs, Davis, Howen, Liu, Uy, and Ye for violation of the Eighth Amendment. Id.

**IV.  Conclusion and Order**

Plaintiff's second amended complaint fails to state a claim for relief under section 1983. Plaintiff was twice previously provided with notice of the deficiencies in his claims and the opportunity to amend, but has been unable to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

**Dated:   August 21, 2009**                    /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE